# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| MARK ALEXANDER MACNEIL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, ACTING ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY ) <br> ) <br> Defendant. ) | Case No.: 5:17-cv-00754-LCB |

## **MEMORANDUM OPINION AND ORDER**

On May 9, 2017, the Plaintiff Mark MacNeil filed a complaint (Doc. 1) seeking judicial review of an adverse final decision of the Commissioner of the Social Security Administration ("the Commissioner") pursuant to 42 U.S.C. § 405(g). The Commissioner filed an answer to the complaint on January 31, 2019. (Doc. 12). The Plaintiff filed a brief in support of his position on July 2, 2019, (Doc. 20) and the Commissioner filed a brief in support of the decision on August 5, 2019 (Doc. 21). Therefore, this issue is ripe for review. For the following reasons stated below, the final decision of the Commissioner is affirmed.

**I.    BACKGROUND**

1

The Plaintiff protectively filed for a period of disability and disability insurance benefits on November 18, 2013 (R. 12). He alleged that his disability began on November 7, 2013. (*Id*). His claim for benefits was denied on December 6, 2013, and the Plaintiff subsequently filed a request for a hearing before an Administrative Law Judge (ALJ) on December 17, 2013. *Id*. The Plaintiff appeared before ALJ Patrick Digby on June 22, 2015. (*Id*). The Plaintiff testified at the hearing and was questioned by his attorney and the ALJ. (R. 32, 43). Additionally, vocational expert John McKinney testified at the hearing as did the Plaintiff's mother. (R. 55, 59). The ALJ issued his opinion on August 28, 2015 (R. 22). When he issued his opinion, the ALJ used the five-step evaluation process promulgated by the Social Security Administration to determine whether an individual is disabled. (R. 12). The ALJ made the following determinations:

1. The Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018. (R. 14).

2. The Plaintiff has not engaged in substantial gainful activity since November 7, 2013, the alleged onset date of the disability. (*Id*).

3. The Plaintiff has the following severe impairments: history of paranoid schizophrenia and a history of substance abuse addiction. (*Id*).

4. The Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (R. 15).

5. The Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels but has certain non-exertional limitations. He can: understand and remember simple instructions; carry

2

out short and simple instructions, attend, and concentrate for two-hour periods on simple tasks across an eight-hour workday with all customary breaks. He can also occasionally interact with the public, supervisors, and co-workers. Changes in his workplace should gradually be introduced. (R. 18).

6. The Plaintiff has no past relevant work. (R. 20).

7. The Plaintiff was born on June 6, 1990, and was 23 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (R. 21).

8. The Plaintiff has at least a high school education and can communicate in English. (*Id.*).

9. A determination of transferability of job skills is not material to the determination of disability as the Medical-Vocational Rules support a finding that the Plaintiff is not disabled. (*Id.*).

10. With the Plaintiff's age, education, work experience, and RFC, there are a significant number of jobs in the national economy he can perform. (*Id.*).

11. The Plaintiff has not been under a disability as defined in the Social Security Act, from November 7, 2013, through the date of the ALJ's decision on August 28, 2015. (R. 22).

After the ALJ denied his claim, the Plaintiff requested an appeal to the Appeals Council and was denied on March 9, 2017. (R. 1). At that point, the ALJ's decision became the final decision of the Commissioner. *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015). The Plaintiff filed this action on May 9, 2017. (Doc. 1).

**II. DISCUSSION**

The Social Security Administration (SSA) is authorized to pay Supplemental Security Insurance (SSI) and disability insurance to claimants that have a disability. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1358 (11th Cir. 2018) (citing *Barnhart v. Thomas*, 540 U.S. 20, 21 (2003)). Title II of the Social Security Act defines disability as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* at 1358-59. (citing 42 U.S.C. §§ 423 (d)(1)(A)).

### A. Standard of Review

The Court reviews "de novo the legal principles upon which the ALJ relied, but [is] limited to assessing whether the ALJ's resulting decision is supported by substantial evidence." *Henry*, 802 F.3d at 1266-67. "Substantial evidence is more than a scintilla and is such relevant evidence that a reasonable person would support its conclusion." *Winshel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Crawford v. Comm'r of Soc. Sec.*, 631 F.3d 1155, 1158 (11th Cir. 2004)). The Court does not "decide facts anew, mak[e] credibility determinations, or reweigh the evidence." *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The Court instead "must scrutinize the record as a whole in determining whether the

ALJ reached a reasonable decision." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### B. Five Step Sequential Evaluation

In order to determine if a claimant has a disability, the SSA regulations mandate that an ALJ must follow a five-step sequential evaluation while evaluating a disability claim. *See* 20 C.F.R. §§ 404.1520; 416.920. Pursuant to the regulations, the ALJ must proceed with his analysis as follows:

1. Is the claimant engaged in substantial gainful activity? If "yes" the claimant is not disabled and the analysis ends here. If the answer is "no," proceed to the next step of the analysis. 20 C.F.R. § 404.1520.

2. Does the claimant have a medically determinable physical or mental impairment or combination of impairments that meets the duration requirements of 20 C.F.R. § 404.1509? If "no," the claimant is not disabled. If "yes," proceed to the next step of the analysis. *Id.*

3. Does the claimant have an impairment that equals a listed impairment in 20 C.F.R. § 404, Subpart P Appendix 1 and meets the durational requirements of 20 C.F.R. § 404.1509? If "yes" the claimant is disabled. If "no," proceed to the next step of the analysis. *Id.*

4. Does the claimant have the residual functional capacity (RFC) to return to past relevant work? If "yes" the claimant is not disabled. If no, proceed to the final step of the analysis. *Id.*

5. Does the claimant's RFC, age, education, and work experience allow him or her to make an adjustment to other work? If "no," the claimant is disabled. If "yes," the claimant is not disabled. *Id.*

Initially, the claimant bears the burden of proof regarding the first four steps of the above analysis. *Washington,* 906 F.3d at 1359. The claimant carries a

particularly heavy burden when showing why he or she cannot engage in past relevant work. *Id.* After the fourth step, the burden then shifts to the Commissioner to determine if there are jobs in the national economy that the claimant can perform. *Id.* However, while the burden shifts to the Commissioner at step five, the burden ultimately falls to the claimant to show a disability exists. *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

### C. The Plaintiff's Contentions

The Plaintiff alleges the ALJ erred in several ways when finding he was not disabled. First, the Plaintiff argues the ALJ did not give proper weight to the opinions of a treating physician and a non-examining physician. (Doc. 20 at 21, 34). Next, the Plaintiff claims the ALJ did not give his testimony about his symptoms appropriate credit. (*Id.* at 35). Finally, the Plaintiff argues the ALJ incorrectly determined his condition did not satisfy the criteria for a listed impairment under the regulations. (*Id.* at 38).

### 1. The ALJ gave appropriate weight to the physicians' opinions.

The Plaintiff contends the ALJ did not give proper credit to the opinions of the Plaintiff's treating physician, Dr. Rachel Pope. (Doc. 20 at 21). Dr. Pope determined that the Plaintiff's disability made his ability to find employment moderately and markedly limited because he lacked certain skills. *See* (R. 412-413). The ALJ noted he gave Dr. Pope's opinion no weight because the form she submitted

"contain[ed] nothing but check marks with no substantive evidence," nor did the form specifically "reference to anything including her own records or any other medical record." (R. 19).

Typically, an ALJ will give more weight to the opinion of a claimant's treating physician. 20 CFR § 404.1527(c)(2). A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). "Good cause [to discount the treating physician's opinion] exists when (1) the treating physician's opinion was not bolstered by the evidence, (2) the evidence supported a contrary finding, or (3) the treating physician's opinion was conclusory or inconsistent with his own medical records." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 (11th Cir. 2019). An ALJ also "must clearly articulate the reasons for giving less weight to the opinion of a treating physician." *Id*. However, an "ALJ may reject any medical opinion if the evidence supports a contrary finding." *Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987).

While a treating physician's opinion is typically entitled to the highest level of deference, the ALJ articulated specifically why he did not consider her opinion. Dr. Pope's assessment checks boxes that indicate which areas the Plaintiff is psychiatrically limited but does not reference any medical evidence. Indeed, Dr. Pope's treatment notes indicate that while the Plaintiff showed symptoms of his

7

disability, he indicated he was able to do activities, his speech was normal, and his associations were intact. *See* (R. 393, 395, 429). Furthermore, other evidence in the record provides the Plaintiff responding well to his treatment, maintaining the ability to do activities, and having normal thought processes. *See* (R. 408, 440, 446). Accordingly, substantial evidence supports the ALJ's decision to give Dr. Pope's opinion no weight.

The Plaintiff also argues that the ALJ gave the opinions of Dr. Samuel Williams, a non-examining physician, inappropriate weight as well. (Doc. 20 at 34). Dr. Williams did not conclude that the Plaintiff was disabled. The ALJ gave substantial weight to his opinion but discounted some of his findings, such as the Plaintiff could benefit from a flexible work schedule, because they were "conclusory, speculative, and unquantifiable." (R. 20).

When deciding what weight to give medical opinions, "the ALJ should consider the following facts: the examining and treatment relationship between the claimant and doctor; the supportability and consistency of the opinion with the record as a whole; the specialization of the doctor; and other factors that tend to support or contradict the opinion." *Hand v. Soc. Sec. Admin.*, 786 F. App'x. 220, 224 (11th Cir. 2019) (citing 20 C.F.R. § 404.1527(c)). "The ALJ applies the same standards whether the medical opinion is from a treating physician, a consultative examiner hired by the agency, or a nonexamining, reviewing physician." *Id.* The

regulations also provide that more weight will be given to sources that are supported by the claimant's entire record. 20 CFR § 404.1527(c)(1).

While not an examining physician, the ALJ found that part of Dr. William's opinion was supported by the medical evidence. (R. 20). The Plaintiff's medical record reflects that he experiences limitations because of his severe impairments. However, after his disability onset date, the record provides the Plaintiff reported his medication was working, his mood and affect was appropriate, and he was able to engage in activities. *See* (R. 393, 434, 438). Accordingly, substantial evidence supports the ALJ's decision to give substantial weight to some of Dr. William's opinion. Substantial evidence also supports the ALJ's decision to discount other parts of Dr. Williams's opinion for being vague or conclusory. Dr. William's statements about the Plaintiff's limitations were not supported by medical sources, thus the ALJ was not required to give them weight. *See* 20 C.F.R. § 416.927(c)(3). Therefore, substantial evidence supports the amount of weight the ALJ gave Dr. William's opinion.

**2. The ALJ correctly considered the Plaintiff's subjective pain testimony**

The Plaintiff also contends that the ALJ improperly discounted his subjective pain symptoms. (Doc. 20 at 35). During the hearing, the Plaintiff testified that he was unable to work because of his symptoms like hallucinations and an inability to concentrate. (R. 34, 49). The ALJ considered his symptoms but ultimately found that

9

the "intensity, persistence and limiting effects" of the Plaintiff's symptoms were not wholly credible. (R. 18).

A claimant's statements about his pain will not suffice to establish a disability exists. 20 C.F.R. § 404.1529(b). Instead, "[t]here must be objective medical evidence from an acceptable medical source" that would allow the ALJ to find he is disabled. 20 C.F.R. § 404.1529(a). The ALJ will also consider factors such as: the claimant's daily activities, side effects of the claimant's medication, and other factors concerning functional limitations. *See* 20 C.F.R. § 404.1529(c)(3)(i-vii). *See also* SSR 16-3P, 2017 WL 5180304 at *6-8. A "claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can give rise to the claimed pain" to establish a disability based on pain. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

The ALJ clearly outlined why he discounted the Plaintiff's subjective testimony. He noted that the Plaintiff's objective medical evidence and his reported daily activities did not support his claims. (R. 19). Substantial evidence supports the ALJ's conclusions. The objective medical evidence after the Plaintiff's disability onset date shows generally shows the Plaintiff exhibited normal speech and thought processes. (R. 395, 441). The medical records also provide the Plaintiff

demonstrated an appropriate mood and affect. (R. 436, 447). The Plaintiff likewise reported that his medication was helping with his symptoms. (R. 438, 447). Further, the Plaintiff noted in his testimony that he was able to go grocery shopping and walk his dog. (R. 39). Accordingly, substantial evidence supports the ALJ's decision to discredit the Plaintiff's subjective testimony.

### 3. The ALJ did not err when determining the Plaintiff did not meet or equal a listed impairment.

Finally, the Plaintiff argues that the ALJ erred when finding that the Plaintiff's schizophrenia did not meet a listed impairment. (Doc. 20 at 38). The Plaintiff contends that the symptoms related to his schizophrenia are severe enough that he meets the listing requirements under the regulations. (*Id*. at 40). The ALJ analyzed the Plaintiff's mental limitations in accordance with Medical Listing 12.03, which includes schizophrenia and other psychiatric disorders. (R. 16).

For the Plaintiff to meet a listed impairment under 12.03, he must meet satisfy the criteria in Paragraph A and B or A and C of the listing. 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.03. *See also* 20 C.F.R. § 404. 1525. The ALJ found that while the Plaintiff satisfied the standard in Paragraph A by showing a documented history of symptoms like delusions or hallucinations, he did not find the Plaintiff satisfied the listing under Paragraphs B and C. Regarding Paragraph B, the ALJ determined the Plaintiff was only moderately restricted in the areas of mental functioning. (R. 16). Likewise, the ALJ found that the Plaintiff did not meet the

requirements of Paragraph C because the medical evidence did not show he experienced more than a minimal impact of his daily activities.

Substantial evidence supports the ALJ's determination that the Plaintiff's schizophrenia did meet a listed impairment. For paragraph B, the record does not provide the Plaintiff had an "[e]xtreme limitation of one, or marked limitation of two" of the following areas: "1. Understand, remember, or apply information; 2. Interact with others; 3. Concentrate, persist, or maintain pace; 4. Adapt or manage oneself." 20 C.F.R. Part 404, Subpart P, Appendix 1, 12.03. (internal citations omitted). The medical evidence indicated that after his onset disability date, the Plaintiff demonstrated generally logical and organized thoughts. *See* (R. 395, 429, 443). The Plaintiff's testimony and Adult Function Report also provides that while he has issues with his symptoms, he was able to handle his personal needs, go to the grocery store, walk his dog, and talk to a friend during the day. *See* (R. 39, 208). Regarding Paragraph C of the listing, the record does not support a finding the Plaintiff's impairment is "serious and persistent." *Id*. After receiving treatment, the Plaintiff reported improvement in his symptoms and generally displayed appropriate mood and orientation. (R. 396, 434, 438). Therefore, substantial evidence supports the ALJ's reasoning that the Plaintiff did not meet a listed impairment.

## III. CONCLUSION

For these reasons, and the Court being otherwise sufficiently advised, it is **ORDERED** that the final decision of the Commissioner is **AFFIRMED**. A final judgment will be entered separately.

**DONE** and **ORDERED** this March 29, 2020.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE